IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § | |
| v. | | CASE NUMBER 6:17-CR-00006-JCB-KNM-1 |
| DESMOND DENARD BROWN, | | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 30, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Desmond Denard Brown. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Clinton Broden, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute and Distribution of Less Than 28 Grams of a Mixture or Substance Containing a Detectable Amount of Crack Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. On August 9, 2017, U.S. District Judge Ron Clark of the Eastern District of Texas, pursuant to a plea agreement for a variance accepted by the court, sentenced Defendant to 65 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug after-care. On September 15, 2021, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division. On January

1

5, 2024, Defendant's case was reassigned to U.S. District Judge J. Campbell Barker of the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to refrain from any activities prohibited by federal, state, or local laws. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about June 24, 2024, when Defendant was charged by complaint in the Eastern District of Texas with Conspiracy to Distribute and Posses with Intent to Distribute a Controlled Substance as well as Possession with Intent to Distribute a Controlled Substance. *See* 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1). The charge in the complaint resulted in Defendant pleading guilty to an information and being sentenced in 6:24-CR-00099 to 188 months imprisonment.

Returning to the supervised release petition, if the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by participating in a conspiracy to distribute and possess with intent to distribute a controlled substance in addition to possessing a controlled substance with intent to distribute in violation of federal law, Defendant will have committed a Grade A violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade A violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade A violation is 18 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade A violation of the condition prohibiting Defendant from violating any federal, state, or local laws asserted as Allegation 1 in the government's petition. As to punishment, the parties agreed to present that issue to the court's discretion. The government argued for a sentence within the advisory guideline range while the

Defendant argued for a downward departure due to Defendant's substantial sentence in 6:24-CR-00099. Having considered the identical facts underlying both the conviction and sentence in 6:24-CR-00099 and giving rise to the petition in this matter, the court concludes that a sentence at the low end of the guideline range is appropriate. Pursuant to the judgment in 6:24-CR-00069, the sentence in this case shall run consecutively to the sentence imposed in Case No. 6:24-CR-00099 in the Eastern District of Texas.

    The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted, that he be imprisoned for 18 months with no supervised release to follow, and that this sentence run consecutively with the sentence imposed in Case No. 6:24-CR-00099. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

    **So ORDERED and SIGNED this 3rd day of November, 2025.**

    */s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE